## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | **Case No. 23-CR-26 (RCL)** |
| **WILLIAM BROCK,** | : | |
| also known as "Stu" | : | |
| **ANTHONY ANTWON MCNAIR JR.,** | : | |
| also known as "Mousey" | : | |
| **ERIN SHEFFEY** | : | |
| also known as "Freak", | : | |
| | : | |
| **Defendants.** | : | |

### GOVERNMENT'S PROPOSED STATEMENT OF THE CASE, VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

## I. PROPOSED STATEMENT OF THE CASE

The Government alleges that Defendants William Brock, Anthony McNair, and Erin Sheffey conspired with others to rob three Brink's armored trucks from October 2021 through March 2022. At the time of these offenses, each individual was a member of a street crew known as "Choppa City" that operated in the same area as each of the robberies.

*First*, the Government alleges that Brock and McNair agreed to, and did, rob a Brink's armored truck on October 6, 2021 in front of the SunTrust Bank at 1340 Good Hope Road Southeast, Washington, D.C.  Brock served as the organizer and lookout for that first robbery, while McNair and other conspirators, who were armed with firearms waited outside the bank in a vehicle for the truck to arrive.  When the driver of the car exited the vehicle, McNair and other conspirators rushed him, beat him, and stole the Brinks courier bag containing $103,800.  One of the conspirators also stole the driver's Brinks-issued firearm.  McNair and the other conspirators fled, disposing of the vehicle that was used and attempting to burn it.  Brock then picked up McNair in a separate vehicle.

1

*Second*, the Government alleges that Brock and McNair agreed to, and did, rob a Brink's armored truck on December 8, 2021 at an auto parts store in the 2900 block of Minnesota Avenue Southeast, Washington, D.C.  According to the Government, Brock and McNair parked and waited for the Brinks truck to arrive.  After the Brinks truck arrived, the two approached the front door and waited for him to attempt to enter the store.  When the driver exited his vehicle, Brock and McNair sprang upon him brandishing firearms.  The two assaulted the driver before fleeing with his courier bag.  The bag was empty.

*Third*, the Government alleges that on March 2, 2022, Brock, Sheffey, and other conspirators agreed to, and did, rob a Brink's armored truck at the same location as the October 6, 2022 robbery (outside the bank located at the corner of 14th Street and Good Hope Road Southeast).  There, members of the conspiracy approached the bank, two on foot, and the others in a vehicle, and waited for the Brinks truck to arrive.  After the truck arrived, when the driver had opened the door, Brock, Sheffey, and others rushed towards the driver and passenger carrying firearms.  The conspirators robbed the men of multiple bags of U.S. currency totaling more than $1 million before fleeing, later abandoning the robbery vehicle in an alley.

Each of the defendants maintains that they were not part of the alleged conspiracy, did not participate in any of the robberies, and did not possess firearms during the course of those robberies.

## II. GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

1.    The lawyers representing the United States during this trial will be Assistant United States Attorneys Cameron Tepfer and Special Assistant United States Attorney Alexander Schneider.  Assisting them at trial will be paralegal specialist Marissa Mondelli and they will be joined at counsel table by Federal Bureau of Investigation Special Agent Stewart Curcio.  Do any

of you believe that you know, or have any connection to or association with, any of these people?

2.      The lawyers representing the three defendants during this trial will be John P. Pierce, Stephen F. Brennwald, and Peter A. Cooper.  Do any of you believe that you know, or have any connection to or association with, any of these people?

3.      As I mentioned, there are three defendants in this case.  I am going to have each of them stand and face you in alphabetical order: William Brock, also known as "Stu" Anthony Antwon McNair Jr., also known as "Mousey" and Erin Sheffey, also known as "Freak." [STAND]

> Do any of you believe that you know, or have any connection to or association, with Mr. Brock, Mr. McNair, or Mr. Sheffey?

4.      A few minutes ago, I described what the case is about.  Do any of you believe you may know anything about the facts and circumstances of this case, other than what I have told you?

5.      The events in this case took place in and around the Anacostia neighborhood of Southeast, Washington, D.C.  Do any of you live, work, shop in, frequently visit, or have any special familiarity with those neighborhoods?  Do you have children who go to school in these neighborhoods?  When you answer this question, I'd like you to consider these areas:

- The Truist Bank, at 1340 Marion Barry Ave SE, Washington, DC, formerly 1340 Good Hope Road SE;

- The Parts Authority, an auto parts store located at 2910 Minnesota Ave, Southeast;

- The 2300 block of Green Street Southeast;

- The 2300 block of Skyland Terrance Southeast;

- The 2400 block of Shannon Place Southeast;

- The 1100 block of Mississippi Ave, Southeast;

- The 2500 block of Naylor Road, Southeast.

If you live, work, shop in, frequently visit, or have any special familiarity with any of these locations, or your children attend school in any of these locations, please write the number 5 on the back of your card.

6.     The Government will call a number of witnesses to testify during the trial.  The defendants may call some witnesses, but they are not under any obligation to call any witnesses or introduce evidence at all.  The people who may testify in this case for one side or the other or whose names you might hear include:

[INSERT WITNESS LIST TO BE READ BY THE COURT]

Do any of you recognize or think that you may know any of these witnesses?

7.     Please take a look around the room.  Do any of you recognize or think that you might know any other member of the jury panel -- or any other person in the courtroom, including me, and the members of the courtroom staff? That could include knowing them from work, from school or your kids' schools, from the neighborhood, knowing them socially, from prior jury service, or anything else.

8.     Have you, or any members of your immediate family, ever studied law or had any legal training, including paralegal training?

9.     Have you, or any of your close friends or members of your household or family, ever worked for or with a prosecutor's office?  By that, I mean government agencies such as the United States Attorney's Office, the D.C. Attorney General's Office, the Department of Justice, or any Attorney General's Office, district attorney's office, or state or commonwealth's attorney's office.  Please also answer this question yes if you or a close friend or member of your household or family have a pending application for employment with a prosecutor's office.

4

10.   Have you, or any of your close friends or members of your household or family, ever worked for or with a law enforcement agency?  That would include police and government agencies such as the Metropolitan Police Department; the Federal Bureau of Investigation or FBI; the U.S. Marshal's Service; the Bureau of Alcohol, Tobacco, Firearms, and Explosives, or ATF; the Drug Enforcement Administration, or DEA; the U.S. Park Police; the U.S. Secret Service; the Internal Revenue Service;  the CIA; Immigration and Customs Enforcement Agency (ICE); the Department of Homeland Security; the Department of Corrections in DC or elsewhere; any state or local police and fire departments, or any military police or criminal investigative service.  Please also answer yes to this question if you, a close friend, or a member of your family or household has a pending application to work at one of those places now.

11.   Have you, or any of your close friends or members of your household or family, ever done any work for or with any person or organization that does criminal defense work, such as the Federal Defender's Office, the Public Defender's office, defense attorneys, or a private law firm? This question also includes work as a private investigator, and as with the questions before, you should answer "yes if there is an application pending to work at one of those places.

12.   Have you, or any of your close friends or members of your household or family, ever worked at a courthouse or for a court system, including: D.C. Superior Court, or this court, the U.S. District Court, and that would include working at – or, as before, having an application pending right now  – at the Pretrial Services Agency,  the Court Services and Offender Supervision Agency (CSOSA), the U.S. Probation Office, or as a probation or parole officer anywhere?

13.   There will be testimony from law enforcement personnel in this case.  Would the fact that a witness is a police officer or law enforcement agent have any effect on whether or not you believe that person's testimony?  In other words, would just the fact that a witness is a police officer or law enforcement agent make you either more or less likely to believe their testimony before you

5

hear it?

14.   Have any of you ever personally participated in, or made a financial contribution to, any anti-crime or victims' rights organizations, such as neighborhood watch, or have you participated in or donated to any organization or program that advances the interests of law enforcement officers or their families?

15.   Have any of you participated in protests, marches, candlelight vigils, or other activities in response to law enforcement activity, or have you ever worked for or contributed to any group that advocates defunding or de-militarizing the police?

16.   Have you had any personal experiences — either positive or negative — with the police or a prosecutor or other law enforcement personnel, or with a defense attorney or defense investigator, whether here in D.C. or elsewhere?

17.   Have you served as a juror within the past ten years, either on a grand jury or a petit jury, on the federal, state, or local level?

18.   Within the past ten years, have you or any close friend or family member been the victim of, or witness to, a crime?  This includes crimes that were not reported to law enforcement at the time, but when I say a crime, I mean something other than parking or speeding tickets.

19.   Have you or any close friend or family member ever been accused of, arrested for, or charged with a crime?  Again, I am not talking about parking or speeding tickets.

20.   As I mentioned at the start, this case is about an alleged conspiracy to commit armed robberies of Brinks armored cars.  Is there anything about the nature of those charges alone that would make it difficult for you to be a fair and impartial juror in this case?

21.   I'm going to ask a few questions that relate to your feelings and beliefs about firearms – if your answer to any of them is yes, please write down the number 21 on your card:

- Do you have strong feelings about guns or concerning gun control laws, either favoring or

opposing such legislation, that would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

- Do you have strong feelings concerning another person's alleged possession of a gun or guns that would affect your ability to render a fair and impartial verdict if you are chosen as a juror?

- Are you a member of, or otherwise support, groups that advocate for gun rights, such as the National Rifle Association, or a group that advocates for restrictions on firearms, such as the Brady Campaign or Everytown?

- Have you, or a close friend or family member, ever been affected in any way by the use of a gun?

- If your answer is yes to any of those questions about firearms or firearms laws, please write down # 21.

22.   One of the armed robberies in the case involved the assault of the Brinks employees that were filmed on video.  Does anyone believe that seeing this video may provoke a reaction which would prevent you from keeping an open mind and being fair to both side in this case?

23.   You will hear evidence in this case about the defendant's membership in a violent street crew.  Do any of you have such strong feelings about street crews that you would not be able to sit as a fair and impartial juror in this case?

24.   You may hear from a witness who has an agreement to cooperate with the government. Is there anything about that circumstance that will make it difficult for you to evaluate their testimony fairly and impartially in accordance with my instructions?

25.   In every trial, the defendant is presumed to be innocent throughout the trial, and the defendant cannot be found guilty of an offense unless and until the government has proven each

element of that offense beyond a reasonable doubt. Would any of you find it difficult for any reason to obey that instruction?

26.   In addition, you will be told that the government must carry this burden as to each individual defendant and each charge, and that you should give separate consideration to each defendant and each charge. Is there anyone who would find it difficult to follow that instruction, and consider the evidence as to each defendant and each charge separately, and render a fair and impartial verdict as to each of them separately?  If so, you should write down #26 on your card.

27.   Every criminal defendant has an absolute right to decide whether or not to testify on their own behalf. This decision cannot be used against them. And, because each defendant is presumed to be innocent, and the burden of proof never shifts throughout the trial, a defendant does not need to introduce any evidence at all. You will be instructed that if any particular defendant does not testify or call witnesses, you cannot draw any conclusions from that fact, you can't hold it against him, and you can't guess about why he did or he didn't. Is there anyone who believes that they cannot follow this instruction?  If so, you should write #27 on your card.

28.   At the end of the trial, I will be instructing you about the law that applies to this case. Is there any way you would find it difficult to disregard any ideas, notions, or beliefs about the law you may hold, and render a fair and impartial verdict based solely on the evidence presented and my instructions of law?

29.   Do any of you have any moral, religious, political, ethical or any other beliefs that prevent you from sitting in judgment of another person in a criminal trial?

30.   Once the trial begins, we generally sit in the courtroom from about 10:00 a.m. in the morning until 5:00 in the afternoon. There will be an hour-long break for lunch and breaks in the middle of the morning and the afternoon. Are any of you taking any medications, or do any of you have a physical or medical condition, that could make it difficult for you to sit as juror and give your

full attention to the trial and the evidence in this case on that sort of schedule?  Please also answer yes if you have difficulty seeing or hearing that would make it difficult for you to follow or receive the evidence presented in the case.

31.   Do any of you have difficulty speaking, understanding, reading, or writing the English language?

32.   After we pick the jury, we expect to start with opening statements and the presentation of evidence beginning tomorrow, Tuesday August 20th. The trial is expected to take approximately three weeks and then the jury will take the time it needs to complete its deliberations. Trial will not be held on Friday, Saturday, Sunday, or the Monday September 2nd, Federal Labor Day Holiday. Are there any matters that you simply must attend to during that time, such that you could be faced with a hardship if selected for the jury in this case?

33.   Do any of you know of any reason – even one I haven't asked about today -- why you could not sit as a juror in this case and judge the evidence presented fairly and impartially and apply the law as I instruct?

## III. GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

### I.  PRELIMINARY INSTRUCTIONS

1.102   Preliminary Instruction Before Trial

1.105A Preliminary Instruction when Note-taking is Permitted

1.106   Questions by Jurors

1.107   Preliminary Instructions to Jury Where Identity of Alternates is Not Disclosed

1.108   A Juror's Recognition of a Witness or Other Party Connected to the Case

1.110  Witness's Use of Interpreter – Preliminary Instruction

### II. ANTICIPATED INSTRUCTIONS DURING TRIAL

1.202   Cautionary Instruction on the use of the Internet and Publicity

1.103A Stipulation of Fact

2.235   Limiting Instructions Regarding the Lawfulness of Stops, and Arrests

2.308   Evidence Admitted Against One Defendant Only

2.305   Statements of the Defendant – Substantive Evidence (if applicable)

**FINAL JURY INSTRUCTIONS**

1.105B Notetaking by Jurors

2.100   Furnishing Jury with a Copy of the Instructions

2.101   Function of the Court

2.102   Function of the Jury

2.103   Jury's Recollection Controls

2.104   Evidence in the Case – Judicial Notice, Stipulations

2.105   Statements of Counsel

2.106   Indictment Not Evidence

2.108   Reasonable Doubt

2.109   Direct and Circumstantial Evidence

2.110   Nature of Charges Not to Be Considered

2.112   Inadmissible and Stricken Evidence

2.200   Credibility of Witnesses

2.202   Accomplice's Testimony

2.203   Witness with a Plea Agreement

2.207   Police Officer Testimony

2.208   Right of Defendant Not to Testify

2.215   Specialized Opinion Testimony

2.216   Evaluation of Prior Inconsistent Statement of a Witness (if applicable)

2.217   Evaluation of Prior Consistent Statement of a Witness (if applicable)

2.321   Evidence of Other Crimes

2.220   Impeachment by Proof of Conviction of a Crime – Defendant (if applicable)

2.303   Change of Appearance by Defendant (if applicable)

2.304   Attempted Bribery, Coercion or Intimidation of Witness

2.500   Redacted Exhibits

7.102   Conspiracy – Basic Instruction

7.103   Co-Conspirator Liability

3.101   Proof of State of Mind

3.102   Willfully Causing an Act to be Done

3.103   "On or About" – Proof of

3.104   Possession – Defined

3.200   Aiding and Abetting

3.201   Transferred and Concurrent Intent

2.505   Possible Punishment Not Relevant

2.404   Multiple Defendants – Multiple Counts

2.406   Unanimity – General

2.407   Verdict Form Explanation

2.501   Exhibits During Deliberations

2.502   Selection of Foreperson

2.508   Cautionary Instruction on Publicity, Communication, and Research

2.509   Communications Between Court and Jury During Jury's Deliberation

2.510   Attitude and Conduct of Jurors in Deliberations

2.511   Excusing Alternate Jurors

     In addition to these, D.C. standard Redbook instructions, the Government proposes the following instructions:

### PREPARATION OF WITNESSES

     You may have heard testimony about witnesses meeting with attorneys and/or investigators before they testified. You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial. It is for you to decide the weight of witness's testimony.

     **Source:**  Modified from Fed. Crim. Jury Instr. 7th Cir. 3.02 (Attorney Interviewing Witness). *United States v. Torres*, 809 F.2d 429, 439–40 (7th Cir. 1987) ("As the trial judge explained to the jury, 'it is perfectly proper for a lawyer to interview a witness in preparation for trial,' and an attorney who does not question, rehearse and prepare his witnesses before trial is not properly prepared for trial.")

### CONJUCTIVELY CHARGED COUNTS

     Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only one of the alternatives is proven beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

     **Source:**  Judicial Council of the United States Eleventh Judicial Circuit Instruction B8.1 With respect to the substantive charges, the Government proposes the following:

#### <u>Count One:  Conspiracy to Interfere with Interstate Commerce by Robbery</u>

     Count One of the Indictment charges each Defendant with conspiring to interfere with

interstate commerce by robbery, sometimes referred to as Hobbs Act robbery.  The alleged objects of this conspiracy were the robberies of Brinks armored bank trucks and the U.S. currency that were transported by Brinks drivers.  It is against the law for one person to agree with another person to interfere with interstate commerce by robbery.  You must consider each Defendant separately in deciding whether the government has proved each element of the offense as to that person.  I will explain the underlying elements of conspiracy shortly.

A conspiracy to commit a crime is itself a crime.  This is so because the essence of the offense of conspiracy is an unlawful agreement or understanding between two or more persons to violate the law, and it is against the law to agree with someone else to commit a crime, even if the crime itself was never completed.  The government is not required to prove that the objective was achieved.

The elements of conspiracy charged in Count One, each of which the government must prove beyond a reasonable doubt, are that:

1.     Beginning on or about October 6, 2021, and continuing through at least March 2, 2022, an agreement existed between two or more people to commit the crime of interference with interstate commerce by robbery.  The elements of interstate commerce by robbery are set forth in Count Two.

The agreement does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details.  On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an

agreement exists to interfere with interstate commerce by robbery. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of interference with interstate commerce by robbery. So, the first thing that must be shown is the existence of an agreement.

2.      To find any Defendant guilty, you must find that he intentionally joined in that agreement. It is not necessary to find that he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Even if a defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times. But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that a defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make a defendant part of the conspiracy. So, the second thing that must be shown is that a defendant was part of the conspiracy.

In determining whether a conspiracy existed between two or more persons or whether any defendant was a member, you may consider the acts and statements of any other member of the conspiracy as evidence against a defendant, whether or not those statements were made or those acts were committed in the defendant's presence while the conspiracy existed. When persons enter into an agreement to commit a crime, they become agents for each other so that everything which

14

is said or done by one of them in furtherance of that purpose is deemed to be the act or statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before the existence of the conspiracy or after its termination may only be considered as evidence against the person making such statements.

In summary, a conspiracy is a kind of partnership in crime. For any defendant to  be convicted of the crime of conspiracy, the government must prove two things beyond a reasonable doubt: first, that on or about October 6, 2021 through on or about March 2, 2022, there was an agreement to interfere with interstate commerce by robbery, and second, that each defendant intentionally joined in that agreement.

### Count Two:  Interference with Interstate Commerce by Robbery

Count Two of the Indictment charges Mr. Brock and Mr. McNair with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about October 6, 2021, in front of the SunTrust Bank, in the vicinity of 1340 Good Hope Road Southeast, Washington, D.C. To prove a defendant guilty of this offense, the Government must prove each of the following elements beyond a reasonable doubt:

1.      That the Defendant took from another money or property;

2.      That the Defendant did so knowingly and willfully by robbery; and

3.      That as a result of the Defendant's actions, interstate commerce was obstructed, delayed, or affected.

15

For purposes of this offense, "robbery" is defined as the unlawful taking of money or property from the person or in the presence of another, against his or her will, by means of actual or threatened force, violence, or fear of injury to his or her person or to property in his or her custody or possession.

The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

For purposes of the third element, conduct affects interstate commerce if it in any way interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states. The effect can be minimal. It is not necessary to prove that a defendant intended to obstruct, delay or interfere with interstate commerce or that the purpose of that crime was to affect interstate commerce. All that is necessary to prove this element is that the natural consequences of the offense potentially caused an effect on interstate commerce to any degree however slight or minimal.

### Count Three:  Bank Robbery

Count Three charges Mr. Brock and Mr. McNair with a bank robbery, that occurred on or about October 6, 2021, in front of the SunTrust Bank, in the vicinity of 1340 Good Hope Road Southeast, Washington, D.C. This is the same conduct underlying the offense charged in Count One. To prove a defendant guilty of this offense, the Government must prove each of the following elements beyond a reasonable doubt:

1. The defendant intentionally took from the presence of a person, money;

2. The money belonged to or was in the possession of a federally insured bank at the time of the taking;

3. The defendant took the money by means of force and violence; and

4. The defendant assaulted some person by the use of a dangerous weapon or device, while engaged in taking the money.

A "federally insured bank" means any bank with deposits insured by the Federal Deposit Insurance Corporation at the time of the alleged violation.

An "assault" may be committed without actually striking or injuring another person. An assault occurs whenever one person makes a threat to injure someone else and also has an apparent, present ability to carry out the threat, such as by brandishing or pointing a dangerous weapon or device at the other.

A "dangerous weapon or device" includes anything capable of being readily operated or wielded by one person to inflict severe bodily harm or injury upon another person.

To "put in jeopardy the life of any person by the use of a dangerous weapon or device" means to expose someone else to a risk of death by the use of a dangerous weapon or device.

### Count Four:  Brandishing a Firearm During a Crime of Violence

Count Four charges Mr. Brock and Mr. McNair with brandishing a firearm during a crime of violence in connection with the robbery charged in Count Two:  that which occurred on or about October 6, 2021, in front of the SunTrust Bank, in the vicinity of 1340 Good Hope Road Southeast, Washington, D.C. For you to find a Defendant guilty of this offense, you must find that the government has proved each of the following elements beyond a reasonable doubt:

1.      The Defendant committed the crime of violence charged, that is, the Hobbs Act robbery charged in Count Two;

2.      The Defendant knowingly brandished a firearm; and

3.      The Defendant brandished a firearm during and in relation to a crime of violence.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by means of an explosive.

The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

If you find that either Defendant committed the charge of Hobbs Act robbery, but that they did not personally brandish a firearm in connection with the offense, you may find them guilty of this offense under the theory of aiding and abetting, as to which I will instruct you below.

## Aiding-Abetting Liability

You may find a Defendant guilty of Count Four (Brandishing a Firearm During a Crime of Violence) without finding that he personally committed each of the acts that make up the crime. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender.  It makes no difference which label you attach.  The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a Defendant aided and abetted in committing Count Four, you must find that he knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by a Defendant in planning or carrying out the crime is necessary. Mere physical presence by a Defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime.

An aider and abettor is legally responsible for the principal's use of a weapon during an offense if the government proves beyond a reasonable doubt that the aider and abettor had actual knowledge that the principal would be armed with a dangerous weapon during the commission of the offense.  You may consider the surrounding circumstances in determining whether the aider and abettor knew that the principal would be armed with a dangerous weapon during the commission of the offense.  You may consider any statement made, acts done or not done, the reasonable foreseeability that some weapon would be required to commit the offense, and any other facts and circumstances received in evidence that indicate the aider and abettor's actual knowledge or lack of actual knowledge that the principal would be armed with a dangerous weapon during the offense.

### Count Five:  Interference with Interstate Commerce by Robbery

Count Five of the Indictment charges Mr. Brock and Mr. McNair with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about December 8, 2021, in front of the Parts Authority, in the vicinity of 2901 Minnesota Avenue Southeast, Washington, D.C.  The elements and instructions applicable to this count are the same as those I have read to you for Count Two.

### Count Six:  Brandishing a Firearm During a Crime of Violence

Count Six charges Mr. Brock and Mr. McNair with brandishing a firearm during a crime of violence in connection with the robbery charged in Count Five: that which occurred on or about December 8, 2021, in front of the Parts Authority, in the vicinity of 2901 Minnesota Avenue Southeast, Washington, D.C. The elements and instructions applicable to this count are the same as those I have read to you for Count Four, except, that as to the first element, you must find that the defendant committed the crime of violence charged in Count Five, rather than in Count Two.

### Count Seven:  Interference with Interstate Commerce by Robbery

Count Seven of the Indictment charges Mr. Brock and Mr. Sheffey with interfering with interstate commerce by robbery, sometimes referred to as Hobbs Act robbery, that occurred on or about March 2, 2021, in front of the Truist Bank, in the vicinity of 1340 Good Hope Road Southeast, Washington, D.C. The elements and instructions applicable to this count are the same as those I have read to you for Counts Two and Five.

### Count Eight:  Bank Robbery

Count Eight charges Mr. Brock and Mr. Sheffey with a bank robbery, that occurred on or about October 6, 2021, in front of the Truist Bank, in the vicinity of 1340 Good Hope Road Southeast, Washington, D.C. This is the same conduct underlying the offense charged in Count Seven.

### Count Nine:  Brandishing a Firearm During a Crime of Violence

Count Nine charges Mr. Brock and Mr. Sheffey with brandishing a firearm during a crime of violence in connection with the robbery charged in Count Seven: occurred on or about March 2, 2021, in front of the Truist Bank, in the vicinity of 1340 Good Hope Road Southeast, Washington, D.C. The elements and instructions applicable to this count are the same as those I

have read to you for Counts Four and Six, except, that as to the first element, you must find that the defendant committed the crime of violence charged in Count Seven, rather than in Counts Two or Five.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

*/s/ Cameron A. Tepfer*
Cameron A. Tepfer
D.C. Bar No. 1660476
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
202-258-3515
Cameron.Tepfer@usdoj.gov

*/s/ Alexander Schneider*
ALEXANDER R. SCHNEIDER
Michigan Bar No. P71467
Special Assistant U.S. Attorney
601 D Street N.W.
Washington, D.C. 20530
(202) 252-7124
alexander.schneider@usdoj.gov