## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | **Case No. 23-CR-26 (RCL)** |
| **WILLIAM BROCK,** | : | |
| also known as "Stu" | : | |
| **ANTHONY ANTWON MCNAIR JR.,** | : | **UNDER SEAL** |
| also known as "Mousey" | : | |
| **ERIN SHEFFEY** | : | |
| also known as "Freak", | : | |
| | : | |
| **Defendants.** | : | |

### UNITED STATES' OMNIBUS MOTIONS *IN LIMINE*

The United States respectfully submits the following Motions *in limine* regarding evidence

and argument at trial.

### I.      Motion to Admit Evidence Based on Certified Business Records.

The United States seeks to introduce certified business records at trial from the following

entities:

| Entity | Evidence |
|---|---|
| American Airlines | Los Angeles flight records |
| Apple, Inc. | Defendant Brock's iCloud records |
| AT&T | Call detail records and location data for conspirators |
| D.C. Office of Unified Communications | March 2, 2022 911 call and transcript |
| Epic Motor Company | Vehicle purchase records |
| Instagram | Defendant Brock and uncharged conspirators' Instagram records |
| Prince George's County DOC | McNair recorded jail calls |
| Securus Monitoring Solutions | Defendant Brock's GPS data |
| T-Mobile | Call detail records and location data for conspirators |
| Yellow Hope Holdings | Los Angeles rental records |

Each of these records contains evidence relevant to the charged offenses.

5

The Federal Rules of Evidence provide that business records may be admitted into evidence without a live witness if they are accompanied by a written declaration from a custodian of the records certifying that the records were made in accordance with the requirements of Federal Rules of Evidence 803(6) and 902(11). The records detailed above are admissible as business records under Rule 803(6) because they each contain records of an act, event, or condition, made at or near the time by, or from information transmitted by, a person with knowledge, that are kept in the course of a regularly conducted business activity as a regular practice. FED. R. EVID. 803(6); *see also United States v. Fahnbulleh*, 752 F.3d 470, 478 (D.C. Cir. 2014).

Moreover, to the extent each record is accompanied by a certification that complies with Rule 902(11), the records are self-authenticating and admissible regardless of whether the declarant is available as a witness. Rule 902 provides, in pertinent part:

> Self Authentication: The following items of evidence are self-authenticating, they require no extrinsic evidence of authenticity in order to be admitted:
> (11) The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court.

FED. R. EVID. 902(11); *see also United States v. Adefehinti*, 510 F.3d 319, 325 (D.C. Cir. 2007) (holding that it was proper to admit the records that a bank relied upon when accompanied by certificates that tracked Rule 902(11)'s specifications).

For the records mentioned above, pursuant to Rule 902(11), the Government is hereby providing the Defendants with notice of its intent to offer these records and has previously provided these records in discovery. Should additional records be obtained prior to trial, they will be provided to the defendants along with the accompanying certifications of authenticity. If necessary, the United States can present to the Court the custodian of records declarations in

support of certain business records that it will seek to have admitted in evidence. The United States reserves the right to supplement this notice with additional business records.

## II.     Motion to Permit the Case Agent to Sit at Counsel Table.

Federal Rule of Evidence 615 provides that upon a party's request or by its own authority, a court "must order witnesses excluded so that they cannot hear other witness' testimony." FED. R. EVID. 615. Commonly referred to as the "rule on witnesses," Rule 615 "aims to prevent witnesses from "'tailoring' their testimony to that of earlier witnesses,' to 'aid[ ] in detecting testimony that is less than candid,' and to discourage 'improper attempts to influence the testimony in light of the testimony already given.' " *United States v. Abu Khatallah*, No. 14-cr-00141 (CRC), 2017 WL 11494061, at *2 (D.D.C. Sept. 28, 2017) (Cooper, J.) (quoting *Geders v. United States*, 425 U.S. 80, 87 (1976)).

However, Rule 615 explicitly exempts from sequestration "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." FED. R. EVID. 615(b); *United States v. Wilkins*, 538 F. Supp. 3d 49, 68 (D.D.C. 2021) (Contreras, J.); *United States v. Gonzalez*, No. 20-40 (BAH), 2020 WL 6158246, at *6 (D.D.C. Oct. 21, 2020) (permitting case agent to sit at trial even though they would testify at trial). The United Staes hereby designates FBI Special Agent Stewart Curcio as the case agent who will sit at counsel table at trial.

## III.     Motions to Preclude Improper Cross Examination

While the Sixth Amendment guarantees a defendant the right to meaningful cross-examination, "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). "Despite the guarantees of the Sixth Amendment's

Confrontation [C]lause, 'the district court nonetheless has considerable discretion to place reasonable limits on a criminal defendant's presentation of evidence and cross-examination of government witnesses.'" *United States v. Watson*, 409 F.3d 458, 462-63 (D.C. Cir. 2005) (quoting *United States v. Whitmore*, 359 F.3d 609, 615-16 (D.C. Cir. 2004)). "'It must be cautious, however, particularly where a party is seeking to impeach a witness whose credibility could have an important influence on the outcome of the trial.'" *Id.* at 463 (quoting *Whitmore*, 359 F.3d at 615-16; *United States v. Hall*, 613 F.3d 249, 255 (D.C. Cir. 2010) ("This Sixth Amendment right, however, does not require a trial court to permit unlimited cross-examination by defense counsel, but rather requires the court to give a defendant a realistic opportunity to ferret out a potential source of bias.") (citations and internal quotation marks omitted); *see also* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); Fed. R. Evid. 611 ("The court should exercise reasonable control . . . so as to . . . avoid wasting time; and [] protect witnesses from harassment or undue embarrassment.").

Under Rule 608(b), a witness can be cross-examined regarding prior non-criminal instances of misconduct if those instances are probative of truthfulness or untruthfulness. Fed. R. Evid. 608. The Advisory Committee Notes accompanying Rule 608(b) suggest how a court should exercise its discretion in managing such evidence:

> Effective cross-examination demands that some allowance be made for going into matters of this kind, but the possibilities of abuse are substantial. Consequently, safeguards are erected in the form of specific requirements that the instances inquired into be probative of truthfulness or its opposite and not remote in time. Also, the overriding protection of Rule 403 requires that probative value not be outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury.

Fed. R. Evid. 608(b), advisory committee notes. *See Tome v. United States*, 513 U.S. 150, 160 (1995) (noting that the Advisory Committee Notes are "a useful guide in ascertaining the meaning of the Rules," and "a respected source of scholarly commentary.")  Questions about specific instances of misconduct that have no bearing on a witness's truthfulness are not permitted under Rule 608.  *See, e.g.*, *United States v. Powell,* 86 Fed. App'x. 612, 615 (4th Cir. 2004) (affirming court's refusal to permit cross-examination about a witness's termination because it did not impact the witness's veracity); *see also United States v. Beltran-Garcia,* 338 Fed. App'x 765, 768 (10th Cir. 2009) (affirming court's refusal to permit cross-examination concerning allegations of officer misconduct arising from improper arrest and illegal search).  Further, instances of past conduct cannot be proven by extrinsic evidence.  *See United States v. Wilson*, 605 F.3d 985, 1014 (D.C. Cir. 2010) ("[S]pecific instances of untruthfulness are not provable by extrinsic evidence under Rule 608(b).")

### a. Defense Should be Precluded from Cross-Examining Government Witnesses Regarding Arrests that Did Not Result in Convictions.

Consistent with its obligations, the Government has produced potential *Giglio* information concerning its witnesses, including information related to all convictions and arrests (where available). ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████

None of these arrests are the proper basis for cross-examination.  "The well-established, general rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations, or charges."  *Barber v. City of Chicago*, 725 F.3d 702, 709 (7th Cir. 2013).

This is not a new rule: "Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty." *Michelson v. United States*, 335 U.S. 469, 482 (1948) "This rule is based upon a clear recognition of the fact that the probative value of such evidence is so overwhelmingly outweighed by its inevitable tendency to inflame and prejudice the jury against the [witness] that total and complete exclusion is required in order that the right to trial by a fair and impartial jury may not be impaired." *United States v. Dilts*, 501 F.2d 531, 535 n. 14 (7th Cir. 1974) (*quoting United States v. Pennix*, 313 F.2d 524, 529 (4th Cir. 1963)).

b. █████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████



c.

12



████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

### d. Defendants Should be Precluded from Cross-Examining Any Witness with Another Witness's Statement.

The Government intends to call witnesses at trial who have been interviewed by federal agents during the course of the investigation of this case.  These agents took notes (which have been disclosed to defense counsel) and also summarized their notes in reports (which have also been disclosed to defense counsel.  These reports, commonly referred to as "302s" were not prepared by the interviewed witness, nor were they reviewed or approved by the interviewed witness.

The Supreme Court has noted that is "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations." *Palermo v. United States*, 360 U.S. 343, 350 (1959).  Consequently, a report of interview would only be the "statement" of the interviewed witness if the witness "signed or otherwise adopted or approved" the report." *United States v. Thomas*, 97 F.3d 1499, 1501 (D.C. Cir. 1996).  Because these witnesses did not sign or otherwise adopt these reports, it would be improper for defense counsel to attempt to impeach these witnesses with those reports.[2]

---

[1] The Government has requested but not yet received *Giglio* information for LAPD Officer Erik Helmstetter.  The Government will provide any such information to defense counsel when it receives it.

[2] Of course, defense counsel has every right to impeach the author of any report should they offer testimony inconsistent with those reports.

15

**IV.     Additional Courtroom Security Measures Should Be Implemented to Ensure Witness Safety.**

The Government respectfully requests that other than attorneys for the Government or defense, no spectators in the courtroom be permitted to carry a cellphone or other recording devices into the courtroom and that all spectators be scanned to ensure that cell phones or other recording devices are not brought into the courtroom.

As set forth in the Government's emergency motions, ECF Nos. 51 and 52, the Government has significant concerns with the safety of its witnesses in this matter.  One witness has been directly threatened by each of the defendants while in D.C. jail.  That witness's family has been threatened outside of the jail.  And another witness was threatened by a man with a gun showing up at his home.  In response to these concerns, the Court has already modified the conditions of each defendant's detention to ensure they are not able to communicate the identify of the witnesses against them to individuals outside of the jail, including unindicted co-conspirators.   The Government is concerned that the threats against its witnesses will intensify, however, when those witnesses appear in court to testify.  Specifically, the Government is concerned that the family, friends, and other associates of the defendants who watch the trial will photograph or videotape the Government's witnesses to harass, threaten, or harm these individuals.

The Sixth Amendment guarantees a defendant the right to a public trial.  This guarantee, however, is not absolute and is subject to certain limitations.  In *Waller v. Georgia*, the Supreme Court noted the presumption of an open courtroom can be overcome if: 1) there is an overriding interest based on findings that a closure is essential to preserve a higher value; 2) the closure is narrowly tailored to protect that interest; 3) the trial court considers reasonable alternatives; and 4) the trial court makes findings that the closure was proper.  467 U.S. 39, 45 (1984).  Notably, when the Court places requirements on those seeking to enter the courtroom, rather than closing it

16

entirely, the *Waller* overriding interest standard is relaxed to a substantial interest standard.  *See United States v. Farmer*, 32 F.3d 369, 371 (8th Cir. 1994); *Woods v. Kuhlmann*, 977 F.2d 74, 76 (2d Cir. 1992); *United States v. Sherlock*, 962 F.2d 1349, 1357 (9th Cir. 1989); *Nieto v. Sullivan*, 879 F.2d 743, 753 (10th Cir. 1989); *Douglas v. Wainwright*, 739 F.2d 531, 533 (11th Cir. 1984).

Barring individuals from carrying phones or other recording devices does not constitute a court closure and therefore *Waller* does not even apply.  Under the proposed order, any individual remains free to enter the courtroom and observe trial.  The only limitation is that these individuals cannot bring a cellphone or other recording device with them.  Notably, individuals are already prohibited from using phones or other devices in our courtrooms.  *See* U.S. District Court, District of Columbia, Electronic Device Policy, available at https://www.dcd.uscourts.gov/electronic-devicepolicy#:~:text=Use%20of%20Electronic%20Devices%20in,live%20streaming%20audio%20or%20video (last visited August 5, 2024).  Indeed, the Supreme Court has long held that a refusal to televise or broadcast a criminal trial does not constitute a denial of due process.  *See Estes v. State of Tex.*, 381 U.S. 532, 541 (1965).

Here, the Government is simply requesting that the Court order requirements to ensure that the Court's existing orders—a bar on the use of electronic and recording devices in courtrooms—is enforced.  Unfortunately, the Government is aware of instances when this order has been violated which has led to threats to potential witnesses.  ████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████

In light of the history of this case, in which the defendants and those associated with them have already threatened witnesses, enforcing the Court's existing bar on electronics and recording devices is a common sense and reasonable request.  Nor is there any prejudice to the defendants' right to a fair and public trial.

## **CONCLUSION**

For all of the foregoing reasons, the Government respectfully requests that the Court grant its motions *in limine*.

Respectfully submitted,

MATTHEW M. GRAVES
U.S. ATTORNEY
D.C. BAR NO. 481052

*/s/ Cameron A. Tepfer*
Cameron A. Tepfer
D.C. Bar No. 1660476
Assistant United States Attorney
Alexander R. Schneider
Michigan Bar No. P71467
Special Assistant U.S. Attorney
601 D Street NW
Washington, D.C. 20530
202-258-3515
Cameron.Tepfer@usdoj.gov