UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>        v.<br><br>**WILLIAM BROCK**<br>        also known as "Stu"<br><br>**ANTHONY ANTWON MCNAIR JR.,**<br>        also known as "Mousey"<br><br>**ERIN SHEFFEY**<br>        also known as "Freak",<br><br>        **Defendants.** | Case No: 23-CR-26 (RCL) |

**DEFENDANTS' RESPONSE TO THE GOVERNMENT'S STATEMENT OF THE CASE, PROPOSED VOIR DIRE AND JURY INSTRUCTIONS**

In response to the government's pretrial filings, Defendants jointly submit the following comments:

**STATEMENT OF THE CASE**

The government's Proposed Statement of the Case is written in a manner that presupposes the defendants' guilt, and would mislead a jury to believe that the Court itself, by reading the statement, has adopted its conclusory claims.

Although the first sentence uses the word "alleges," the rest of the first paragraph, as well as the second paragraph on page 1, uses conclusory language. The same applies to the first two paragraphs on page 2 of the government's submission.

Defendants ask this Court to precede the reading of the government's statements with the following language in order to avoid any confusion or false conclusions on the part of any juror:

"The Court will now read to you what the government claims is its evidence against the three defendants before you.  By reading these claims, the Court is not in any way taking a position on the truth or falsehood of these claims.  It is merely stating for you what the government alleges their evidence will show.  You should not conclude, from the Court's mere reading of the government's claims, that any of them are true, or false.  The Court is simply presenting to you what the government alleges, and will attempt to prove, at trial.

The Court has no independent knowledge of any of the facts in this case, and again, I am merely reading to you the statements that the government has presented to me as the evidence they claim to possess regarding the charges in this case.  It will be up to you, if you are chosen to serve on this jury, to decide whether any, some, or all of the claims I am about to describe to you are true."

**PROPOSED VOIR DIRE**

Defendants propose that the government's proposed voir dire question 23 be modified as follows:

23.  You may hear evidence in this case about [so-called] street "gangs" or "crews."  Do any of you have strong feelings about street "gangs" or "crews" such that you would not be able to sit as a fair and impartial juror in this case?

[23.a  Have any of you, or members of your family or household, or close friends, had either an association or a confrontation with [a member of a] street "crew" or "gang?"  If so, please note 23.a on your card.

**PROPOSED JURY INSTRUCTIONS**

Defendants propose the following modified language to the government's proposed jury instructions:

2

**Preparation of Witnesses**[1]

You may have heard testimony about witnesses meeting with attorneys and/or investigators before they testified. You are instructed that ~~it is perfectly proper for a~~ lawyer[s] ~~or~~ [and] investigator[s routinely] ~~to~~ interview ~~a~~ witness[es] in preparation for trial. It is for you to decide the weight of [a] witness's testimony [taking into account all relevant factors about the witness and the witness's testimony that I have discussed or will discuss in these instructions.]

**Conspiracy**

On page 14 of the government's trial brief, the government's proposed language regarding conspiracy states:

> In determining whether a conspiracy existed between two or more persons or whether any defendant was a member, you may consider the acts and statements of any other member of the conspiracy as evidence against a defendant, whether or not those statements were made or those acts were committed in the defendant's presence while the conspiracy existed

Defendants submit that the language should be modifed as follows:

> In determining whether a conspiracy existed between two or more persons or whether any defendant was a member [of a conspiracy], you may consider the acts and statements of any other member of the conspiracy [should you find that there was a conspiracy] as evidence against a defendant, whether or not those statements were made or those acts were committed in the defendant's presence while the conspiracy existed [***only if*** the statements or acts were made in furtherance of the conspiracy and were made during the course of the conspiracy. You may not consider acts or statements of a member of the conspiracy as evidence against another defendant if those acts or statements were ***not*** made in furtherance of the conspiracy or were not made while any particular defendant whose guilt or innocence you are considering was a member of that conspiracy.]

**Aiding and Abetting**

Defendant Brock submits that there will be no evidence of his possession of a firearm on October 6, 2021. Mr. Brock thus objects to an aiding and abetting instruction with respect to

---

[1] Page 12 of the Government's submission.

"brandishing a firearm" for the offenses charged on October 6, 2021, unless the government offers evidence that Mr. Brock aided and abetted a co-conspirator in the possession of a firearm **specifically** for the offenses charged to have occurred on October 6, 2021.

### Defense Investigators

Defendant Brock requests that his investigator, Ken Copeland, be permitted to accompany counsel at the defense table when he is not conducting necessary trial tasks outside the courtroom.  Defendant McNair asks the same as to his investigator, John Eicher.

### Defendants' Additional Proposed Jury Instructions

In addition to the defendants' requested modifications, they ask the Court for the following jury instructions:

2.107 (Burden of Proof and Presumption of Innocence)

2.111 (Number of Witnesses)

2.218 (Impeachment by Proof of Conviction of a Crime)

2.219 (Impeachment by Proof of a Pending Case)

2.307 (Motive)

Defendants object to instruction 2.304 unless there is evidence to support it.

**Final Note as to Counsel for Brock's Schedule**

### Potential Conflict

If the trial in the captioned case enters a third week, Brock's counsel is scheduled to appear for a sentencing hearing in the Middle District of Pennsylvania on the afternoon of September 4, 2024, and respectfully requests that we recess for the day no later than noon.

Respectfully submitted,[2]

/s/

Stephen F. Brennwald, Esq.
Brennwald & Robertson
922 Pennsylvania Avenue, S.E.
Washington, D.C.  20003
(301) 928-7727
(202) 544-7626 (facsimile)
Sfbrennwald@cs.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent, this 6th day of August, 2024, to all counsel of record by ECF.

/s/

Stephen F. Brennwald

---

[2] Again, this document is being submitted by counsel for Mr. McNair on behalf of all defendants in this matter.